# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:06-cr-0201-RLH-RJJ |
| vs. | **O R D E R** |
| FERNANDO FONTES, | (Motion to Vacate Remainder of Sentence–#118) |
| Defendant. | |

Before the Court is Defendant Fernando Fontes' **Motion to Have Remaining Sentence Suspended or Vacated in the Interest of Justice** (#118, filed May 7, 2010). The Government's Opposition (#119) was filed May 14, 2010. The United States Probation Office has provided the Court with a Memorandum dated May 11, 2010.

On October 12, 2007, this Court sentenced Fontes to 87 months in prison. Subsequently, he was sentenced by the state court as a result of charges filed there. The state court ordered that his state sentences run concurrently with his federal sentence. On April 16, 2010, this Court amended its judgment, *nunc pro tunc*, to run concurrently with the state sentences. Defendant Fontes has completed his state sentence on one charge and has been paroled by the state on the other state sentence. He has nearly four more years to serve on his federal sentence and now seeks to have his federal sentenced shortened so he can be released.

His arguments in support of this motion are that he does not have a significant criminal background, he is a low risk of danger to the community, he has volunteered to be removed

from this country, his wife and children are preparing to leave this country to live with him in his native land, he has completed the majority of his sentence, and that further incarceration would serve no purpose and constitutes cruel and unusual punishment.

His arguments are without merit.

He cites to no authority for the proposition that requiring him to complete his federal sentence when he has been paroled from other, state, sentences, constitutes cruel and unusual punishment. He provides no authority that his 87-month sentence for distributing more than two kilograms of a substance containing methamphetamine is excessive. He has not challenged this Court's finding, at sentencing, that the sentence met the factors of §3853(a), nor has he successfully appealed this Court's sentence on the ground that it is cruel and unusual. And the time to appeal has run.

"District courts do not have inherent authority to reconsider sentencing orders." *United States v. Morales*, 328 F.3d 1202, 1204 (9th Cir. 2003). Defendant does not cite any statute that gives this Court the power to vacate the remainder of his sentence for the reasons he states. Furthermore, Federal Rule of Criminal Procedure 35(a), which allows a district court to correct arithmetic, technical or other clear errors, requires that a motion to that effect must be filed without fourteen days after sentencing. "After that time, the district court loses jurisdiction to correct the sentence." *Id.*, at 1205.

IT IS THEREFORE ORDERED that Defendant Fernando Fontes' **Motion to Have Remaining Sentence Suspended or Vacated in the Interest of Justice** (#118) is DENIED.

Dated: May 25, 2010.

_____
Roger L. Hunt
Chief United States District Judge